Judge U'HDEkwooD
delivered- the opinion of the Court.
Price sued out a writ of forcible de-tainer, against Wheatley, to recover possession of a house and lot in Burlington. The jury found Wheat- *168 ley guilty of the detainer; he traversed the inquisition; upon trial in the circuit court, the inqusition was found to be true. Whereupon, !the court rendered judgmentin these words: “Therefore, it is considered by'the court, that the traversee, have the benefit of the writ of restitution; and that he recover of the traversor, his costs herein expended, &e.” to reverse which, this appeal is prosecuted.
Contract to occupy no longer, than time at which value of use and occupation will compensate for repairs made by tenant, if he surrender not, when value of use & occupation amount to value of repairs, forcible detainer, is proper remedy.
It would have been more in conformity to the act, regulating proceedings in cases of forcible entry and detainer, that the judgment should have been for restitution of the premises in the warrant mentioned. But the phraseology in which the judgment has been rendered, in substance, amounts to the same thing. The writ of restitution is awarded. Restitution of what? The answer must be the premises,in the warrant mentioned. The objection to the form of the judgment, is too technical to prevail.
The evidence authorized the jury to find the de-tainer. It warrants the conclusion, that Wheatley entered as tenant to Price, and that he was to occupy no longer than the time, at which the value of his use and occupation, would compensate for the repairs made by him. He made repairs worth four or five dollars, and occupied from August, 1826, up to the 15th May, 1827, when the warrant issued.
The proof is, that the house, as repaired, was worth a rent of from fifty to seventy-five cents per month. The jury were authorized, from the testimony, to find the use of more value than the repairs. Whenever the use balanced the repairs, it was Wheat-ley’s duty, to surrender possession; and if he would not do so, a writ of forcible detainer, was a proper remedy.
We concur with the circuit court, in the opinion, that Robert Carter was a competent witness. He had made a contract with Price, by which, if Price succeeded he was to have the use of the property. Price had in fact, leased it to him, with the adjoining houses, so far as a bargain for property in the possession of another, not willing to surrender it, can be considered as a valid lease; but if the possession *169 N>uld not be obtained for Carter, then he .was to have a deduction from the rent, pro tanto. Carter’s preference, was to get possession of the old stable, was the subject of controversy; but if he did not get it, he was to be compensated for its loss. Under these circumstances, his interest was too equivocal to render him incompetent. The court properly received his testimony, leaving its credit to the consideration of the jury.
Order; ‘that docket, upon traversee ],a.U“g during pre*^ ent term,’ is notcondicion-ÍVttcre6?/re-instated'on docket, and traversee is bbuncl for costsofterm.
Denny, for plaintiff.
There is no error in the order setting aside the non-suit, and in progressing with the cause thereafter. The order setting aside the non-suit, is not con-dilional, as counsel supposes. It is absolute. The costs.of the term, at which the non-suit was suffered, were not to be'paid, as a precedent condition, to setting aside the non-suit. Price moved to reinstate the cause on the docket. The opinion of the court is, “ihat the same be reinstated, upon the traversee paying the costs, arising herein, during the present term,” 8 *
This is equivalent to saying, that: the cause is reinstated, and that the traversee shall pay the cost»of the term. The language does not mean, that the costs shall be paid during the term; and if not so paid, then the cause is not to be reinstated. The expression, “arising herein during the present term,” is merely intended to shew what costs arc to be paid. Nice criticisms áre not to be indulged, in examining the acts of clerks, in making their entries." If they are intelligible, such a construction should be given.as will effectuate their plain and obvious import, coinciding with the law. As we understand the order, it is, that the cause be reinstated, and that Price pay the costs of the term. This is lawful and reasonable, and can be understood, without doing great violence to the language used.
Wherefore, the judgment is affirmed, with costs